IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY T. ALVIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID L. RYAN, et al. | : | NO. 06-4577 |

MEMORANDUM AND ORDER

McLaughlin, J.                                                June 16, 2008

       The plaintiff, Troy Alvin ("Alvin"), filed a complaint on October 13, 2006, bringing claims under 42 U.S.C. § 1983 of false arrest, false imprisonment, malicious prosecution, and conspiracy to deprive the plaintiff of his constitutional rights.[1]  Compl. ¶ 16.  The plaintiff was arrested for murder on January 30, 2003, and was convicted on February 9, or February 16, 2004.  Compl. ¶ 1; Ryan Mot. at 4; id., Ex. A at 1; Kist Mot. at 9; id., Ex. A at 3.[2]  The defendants are Frank G. Kist

---

    [1]    The complaint also includes a count for pain and suffering, but this is not a separate claim, but rather a request for damages.

    [2]    There appears to be some confusion over whether the plaintiff was convicted on February 9 or February 16.  The criminal docket, which is attached to the Kist motion, includes both dates.  A memorandum opinion filed by the trial judge pursuant to the Post-Conviction Relief Act, which is attached to the Ryan motion, states that the trial lasted from February 9 through 16 and that the plaintiff was convicted on February 16.  This variation of one week is immaterial to the Court's analysis.

    The plaintiff does not attach the records concerning his criminal case to his complaint, though he does plead the date of his arrest.  The United States Court of Appeals for the Third Circuit has held that although "[a]s a general matter, a district

("Kist"), the DNA technician who handled the DNA evidence in Alvin's case and testified at trial; David L. Ryan ("Ryan") and William M. Crouse, Jr. ("Crouse"), police officers involved in the plaintiff's criminal case; the Pennsylvania State Police Bureau DNA Laboratory; and the Easton Police Department.[3]

Defendants Kist and the Pennsylvania State Police filed a motion to dismiss ("the Kist motion") on October 31, 2007, and the other defendants filed a motion to dismiss ("the Ryan motion") on November 5, 2007.

Each set of defendants makes several arguments for why Alvin's suit should be dismissed.  The plaintiff does not directly address the defendants' arguments, but rather provides transcripts of the testimony of the defendants at his trial.  The Court will nonetheless undertake a merits analysis of the motions to dismiss because the plaintiff is pro se.  Stackhouse v.

---

court ruling on a motion to dismiss may not consider matters extraneous to the pleadings, . . . an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).  The record of the plaintiff's criminal case is integral to his complaint, and the Court will consider it.

[3]    The docket reflects the Easton Police Department and the Pennsylvania State Police Bureau DNA Laboratory as separate defendants.  The plaintiff's complaint, however, arguably includes those entities only to state where each of the individual defendants works.  The list of defendants at the bottom of the first page of the complaint includes only three defendants.  Compl. at 1.  This ambiguity is immaterial to the Court's conclusions.

Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

The Court will grant both motions on the grounds that the plaintiff has failed to state a claim for malicious prosecution and that his other claims are barred by the statute of limitations.  There may well be additional grounds for the dismissal of these claims, but the Court does not reach them.

Suits under § 1983 are subject to the state statute of limitations for personal injury actions.  Owens v. Okure, 488 U.S. 235, 249-50 (1989).  The Pennsylvania statute of limitations for personal injury actions is two years.  42 Pa. Cons. Stat. § 5524.  In a § 1983 action, claims for civil conspiracy are subject to the same statute of limitations as the underlying wrongful acts.  As such, the plaintiff's claim for conspiracy is also subject to a two-year statute.  Kost v. Kozakiewicz, 1 F.3d 176, 190-91 (3d Cir. 1993).  The plaintiff must therefore file suit within two years of when the cause of action accrued.

The question of when the cause of action accrued is a matter of federal, not state, law.  Accrual occurs when the plaintiff has a "complete and present cause of action." Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007) (internal quotations omitted).  The Supreme Court has pointed out that a false arrest claim is in fact a type of false imprisonment claim and that therefore the Court may conduct a single analysis as to when these claims accrued.  False imprisonment is a detention without

legal process.  The statute of limitations begins to run on such a claim when the alleged false imprisonment ends.  Because the claim is defined as detention without legal process, the false imprisonment ends once the victim starts to be held pursuant to legal process, for instance, when he is bound over by a magistrate or arraigned on charges.  Any detention after legal process has occurred is actionable, if at all, only under a malicious prosecution claim.  Id. at 1095-96; see also Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007) ("[A] claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more." (internal quotations omitted)).

According to the criminal docket attached to the Kist motion, the plaintiff was arraigned on January 30, 2003, the date of his arrest.  Kist Mot., Ex. A at 5.  His false imprisonment claim therefore accrued on that date.  He failed to file suit within two years and therefore his claims for false arrest, false imprisonment, and conspiracy based on those actions are barred by the statute of limitations.  The Court notes that even if the cause of action accrued as late as the plaintiff's conviction, his claim would still be time-barred.

The plaintiff's malicious prosecution claim requires a different analysis.  The statute of limitations for a malicious prosecution claim begins to run when the criminal proceeding

ended in the plaintiff's favor.  Rose v. Bartle, 871 F.2d 331, 348-49 (3d Cir. 1989).  To prove malicious prosecution under § 1983 for a Fourth Amendment violation, a plaintiff must show that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  Johnson, 477 F.3d at 81-82.  The plaintiff has not alleged the second prong of this test, that the criminal proceeding ended in his favor.  In fact, the record shows that his appeal was denied on June 28, 2005.  Ryan Mot., Ex. A at 1.  He therefore cannot sustain a claim of malicious prosecution.

      Because the Court dismisses all of the plaintiff's claims, it will deny his request for appointment of counsel.

      An appropriate Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROY T. ALVIN                   :      CIVIL ACTION
                                :
        v.                      :
                                :
DAVID L. RYAN, et al.           :      NO. 06-4577
```

ORDER

AND NOW, this 16th day of June, 2008, upon consideration of the Motion to Dismiss of Defendants Kist and the Pennsylvania State Police Bureau DNA Laboratory (Docket No. 6) and of Defendants Ryan, Crouse, and the Easton Police Department (Docket No. 7), and of the plaintiff's Request for Appointment of Counsel and Exhibits in Support of Claims (Docket No. 8), IT IS HEREBY ORDERED that the defendants' motions are GRANTED and the plaintiff's request is DENIED.

IT IS FURTHER ORDERED that the plaintiff's claims are dismissed.  This case is CLOSED.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.